UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN BENDER, )<br>)<br>　　　　　Petitioner, )<br>　v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>　　　　　Respondent, ) | Case No. 11-CV-2004 |

**OPINION**

On January 5, 2011, Petitioner, John Bender, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). The government filed a Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 on January 11, 2006 (#4). The government argued that the Petitioner's Motion should be denied because the Petitioner waived his right to collaterally attack his sentence in his Plea Agreement and the Petitioner's Motion was filed after 28 U.S.C. § 2255's one-year time limitation. On February 28, 2011, Petitioner filed a Reply (#7). For the following reasons, the Court GRANTS the government's Motion to Dismiss (#4) and DISMISSES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1).

BACKGROUND

On October 7, 2008, the Petitioner plead guilty in 08-CR-20051 to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1). Based on two prior violent felony offenses and a serious drug offense, the Petitioner was classified as an Armed

Career Criminal under 18 U.S.C. 924(e) and faced a mandatory minimum sentence of fifteen years in prison with a maximum sentence of life imprisonment. In order to receive the mandatory minimum of fifteen years in prison, the Petitioner agreed to waive his right to collaterally attack his sentence under 28 U.S.C. § 2255. Paragraph 22 of the Plea Agreement stated:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper justification or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, including an agreement to be sentenced to the minimum sentence as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and

all issues relating to his Plea Agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the defendant is sentenced as set forth in this Plea Agreement.

In addition, the Petitioner stated in paragraph 23 of the Plea Agreement that he was not coerced into waiving his right to collateral attack and he waived his right to collateral attack because he "personally believes that it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement." On June 11, 2009, the Petitioner received the benefit of his bargain when he received the mandatory minimum sentence of fifteen years imprisonment.

Over a year later, on January 5, 2011, the Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). In his Motion, the Petitioner asks this Court to vacate his sentence because he believes his prior drug offense should not have been used to determine whether he was an Armed Career Criminal. The government filed its Motion to Dismiss (#4) on January 11, 2011, arguing that the Court need not consider the merits of Petitioner's Motion (#1) for two reasons: (1) the Petitioner is barred by his previous wavier of the right to file a motion pursuant to § 2255; and (2) Petitioner's motion is untimely.

ANALYSIS

The Seventh Circuit has never been hesitant to hold criminal defendants to their

promises.  Roberts v. United States, 429 F.3d 723, 723 (7th Cir. 2005).  Thus, as a general rule, the Seventh Circuit enforces plea agreements in which the defendant voluntarily waives his right of collateral attack.  Roberts, 429 F.3d at 723; Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).  However, justice dictates that this general rule give way when the defendant asserts a collateral attack which relates "directly to the negotiation of the waiver."  Jones, 167 F.3d at 1145.  As the Seventh Circuit has written, this exception is limited to claims of ineffective assistance of counsel in the negotiation of the plea agreement and in situations where the defendant did not knowingly or voluntarily relinquish his rights.  Jones, 167 F.3d at 1145.  Further, the Seventh Circuit requires that when alleging ineffective assistance of counsel or that the agreement was involuntary, the Petitioner must support the allegations by objective evidence that demonstrates "a reasonable probability that, but for counsel's advice, he would not have accepted the plea."  McCleese v. U. S., 75 F.3d 1174, 1179 (7th Cir 1996).

In the instant case, it is clear from the language of the Plea Agreement that the Petitioner waived his right to collaterally attack his sentence pursuant to § 2255.  In addition, the Petitioner only alleged that the Plea Agreement was not knowingly and voluntarily made and that his counsel was ineffective in negotiating the waiver after the government mentioned in its Motion to Dismiss (#4) that those are the only grounds the Petitioner can use to collaterally attack his sentence.  Subsequently, in his Reply, (#7) the Petitioner did not adequately present objective evidence or any other basis to establish that there was a reasonable probability that, but for his counsel's advice, he would have risked facing the maximum sentence of life imprisonment in order to preserve his right to collaterally attack his sentence.  Instead, the Petitioner

acknowledged in open court and in paragraph 30 of the Plea Agreement that he was both satisfied with the legal services provided by his attorney and that he voluntarily entered into the agreement in order to gain the benefit of the promises made by the United States.

Regardless of whether the Petitioner is able to bring forth sufficient allegations concerning the negotiation of the waiver, the Petitioner's § 2255 Motion (#1) is untimely and is thus barred. According to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(f), the period for filing a § 2255 motion beings to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In this case only the first and third limitations are relevant.

The Petitioner's judgment became final on June 25, 2009, ten days after the district court entered its written order of judgment and conviction. Fed. R. App. 4(b).[1] Therefore, Petitioner had one year, or until June 25, 2010, to file his Motion. See United States v. Marcello, 112 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date a § 2255

---

[1] In 2009 Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended to allow a criminal defendant fourteen days to appeal rather than ten days. However, this amendment does not effect the analysis of this case because the amendment became effective on December 1, 2009 and this case was decided in June of 2009.

motion was due).  Even under the "prison mailbox" rule, the Petitioner's Motion (#1) is untimely because the earliest the Petitioner could have mailed the Motion was December 29, 2010, over six months too late.  Houston v. Lack, 487 U.S. 266, 270 (1988); see also Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) (extending the prison mailbox rule to prisoners filing *pro se* habeas corpus petitioners).  In the Petitioner's Motion (#1) he claims he is entitled to relief based upon a "new Supreme Court ruling" in Chambers v. United States.  555 U.S. 122 (2009).  However, Chambers was decided in January of 2009, before the Petitioner pleaded guilty on March 16, 2009 and before the Petitioner was sentenced on June 11, 2009.  The plain language of 28 U.S.C. § 2255 requires the period of limitation to run from the latest of the four options outlined in subsection (f).  Since the Supreme Court's ruling in Chambers came before the Petitioner's judgment became final, the one year period of limitation started on June 25, 2009 and ended on June 25, 2010, six months before the Petitioner filed his December 29, 2010, Motion to Vacate, Set Aside, or Correct Sentence (#1).  As a result, the government's Motion to Dismiss (#4) must be GRANTED.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely.

IT IS THEREFORE ORDERED THAT:

(1) The government's Motion to Dismiss (#4) is hereby GRANTED and the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DISMISSED.

(2) This case is terminated.

ENTERED this 26th day of May, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE